## EBENEZER EATON KITTRIDGE v. JEAN DUGAS.

No title to any portion of the public lands of the United States can be acquired by prescription.

APPEAL from the District Court of Assumption, *Deblieux*, J. *Connely*, for the appellant.

*M. Taylor*, for the defendant.

GARLAND, J. This case was before us two years ago. 2 Robinson, 85. In the opinion then given, the facts are fully stated. We then remanded the cause for a new trial. It was again tried by a jury, on precisely the same facts as were proved when the case was before us, and a verdict was rendered in favor of the defendant for $52 damages, and for the land in dispute, from which the plaintiff has again appealed.

This case is a much stronger one in favor of the plaintiff, than that against Eugene Landry, just decided. Both parties hold under the purchasers from the United States. The plaintiff claims under a purchase made in 1836, the land being then represented as belonging to the public domain. The defendant holds under Charles Maurin, who purchased in April, 1822. He was never legally put into possession of the land so purchased, until about the year 1829, or 1830, when his land was laid out in conformity to law, and in the manner now insisted on by the plaintiff. The reliance of the defendant on the survey made by Grinage, cannot avail him. It was a private survey, not approved by any authorized officer, nor was it made in such a manner as the act of Congress, under which Maurin purchased, directed that it should be. It did not locate the back concession in the rear of the front tract, as was the plain intention of the law ; but placed it so as to make it run in the rear of two other tracts in the vicinity. The surveys

made in 1829, and 1830, were in conformity to law, and the defendant was bound by them. The act executed in April, 1833, before Materre, the notary, cannot affect the rights of the plaintiff. The defendant and his neighbors cannot, by an act among themselves, deprive the United States of the land in the rear of Madame Breaud's tract; nor can the plea of prescription be opposed to them. Until 1836, the land claimed by the plaintiff was public, and the defendant had not a shadow of title to it. The land sold to Maurin, the defendant's vendor, has been properly laid out, by extending the side lines of the front tract in the same courses, until a sufficient depth is reached, to give a quantity in superficial acres equal to the front tract. To this land the defendant is entitled, and that claimed by the plaintiff does not interfere with it.

The judgment and verdict are, in our opinion, erroneous, and must be reversed.

It is, therefore, ordered and decreed that the judgment be annulled and reversed, and the verdict set aside, and that the plaintiff be quieted in his possession of the land claimed in his petition according to the boundaries fixed by the general survey made by the United States Surveyors, and represented on the township map; and that the defendant be inhibited and enjoined from trespassing on the same. It is further ordered, that for the purpose of trying all questions in relation to damages, fruits and improvements, the case be remanded to the District Court, to be proceeded in according to law; the defendant paying the costs of the appeal, and all the costs in the inferior court to the time of filing this decree; those which may subsequently accrue, to abide the final decision of the case.